O

# United States District Court
# Central District of California

| | |
|---|---|
| ROBERT W. OLSON, JR.,<br><br>           Plaintiff,<br><br>     v.<br><br>G. AUSTIN SPERRY, STEVEN A. FIRSHEIN DMD, and STEVEN A. FIRSHEIN,<br><br>           Defendants. | Case No. 2:14-CV-07901-ODW(AS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT [29] AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT [21]** |

## I. INTRODUCTION

There are two motions pending before the Court. The first is Plaintiff Robert W. Olson, Jr.'s Motion for Default Judgement (ECF No. 21), and the second is Defendant Steven A. Firshein's Motion to Set Aside Entry of Default (ECF No. 29). Olson, suing as a professional corporation, claims that Firshein's dental practice and Firshein individually infringed on his copyrighted form contracts used in the purchases and sales of dental practices. For the reasons discussed below, the Court **GRANTS** Firshein's Motion to Set Aside Entry of Default and **DENIES** Olson's Motion for Default Judgment as **MOOT**.[1]

---

[1] After carefully considering the papers filed related to the Motions, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Olson is an attorney that specializes in the buying, selling, and merging of dental practices. (ECF No. 1 ["Compl."] ¶ 10.) In the course of his representation, Olson uses his own "highly customized" form contracts which are specific to the dental industry. (*Id.* ¶ 11.) Olson allegedly owns registered copyrights for each of his form contracts. (*Id.* ¶ 12.)

In February 2014, Olson represented a buyer seeking to purchase Firshein's dental practice. (*Id.* ¶ 13.) Co-Defendant G. Austin Sperry represented Firshein and his dental practice.[2] (*Id.*) The parties used one of Olson's form contracts during the course of negotiations, and at one point Olson allegedly sent Sperry a Microsoft Word version of the form contract. (*Id.*) The parties never reached a deal and later went their separate ways. (*Id.* ¶ 17.) Sperry then allegedly negotiated the sale of Firshein's dental practice to a different buyer using one or more of Olson's form contracts from the previously failed negotiations. (*Id.* ¶ 18.) Olson filed the Complaint on October 10, 2014, bringing two claims for copyright infringement against Sperry, Firshein, and Firshein's dental practice. (*See* Compl.) The impetus of Olson's Complaint is that the form contracts were copyrighted and Sperry and Firshein infringed on these copyrights by using the form contracts in another transaction.

Firshein and his dental practice were served with process on October 21, 2014. (ECF Nos. 13, 14.) Firshein did not file an answer within twenty-one days, and on November 14, 2014, Olson filed two Requests for Entry of Default—one against Firshein individually and the other against Firshein's practice. (ECF Nos. 17, 18.) The Clerk entered default three days later. (ECF No. 19.) On November 24, 2014, Olson filed a Motion for Default Judgment against Firshein and his dental practice. (ECF No. 21.) Olson seeks $875,000 in statutory damages and $5,554 in attorneys' fees from Firshein. This is the first motion pending before the Court.

---

[2] Due to service of process issues, Sperry's answer is not due until January 21, 2015. (ECF No. 36.) Sperry is not a party to Olson's Motion for Default Judgment or Firshein's Motion to Set Aside Entry of Default.

On December 8, 2014, Firshein filed a Motion to Set Aside Entry of Default. (ECF No. 29.) Olson filed an Opposition on December 17, 2014 (ECF No. 32), and Firshein a Reply on December 29, 2014 (ECF No. 34). Firshein's Motion to Set Aside Entry of Default is the second pending motion.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) authorizes a court to "set aside the entry of default" for "good cause shown." Fed. R. Civ. P. 55(c). District courts look at three factors when deciding whether to set aside a default: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "Where timely relief is sought from a default . . . doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wright Vineyards Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (internal quotation marks omitted).

### IV.   DISCUSSION

The first factor from *Brandt* requires the Court to consider whether Olson will be prejudiced if the entry of default is set aside. *See Brandt*, 653 F.3d at 1111. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). A two-month delay in this matter is not inconsequential, and the Court is sensitive to Olson's interest in a speedy resolution. However, there is no indication that Olson will suffer any harm greater than a delay and it appears that Firshein is now prepared to diligently litigate this matter. This factor weighs in favor of Firshein.

The second factor requires the Court to consider whether Firshein has a meritorious defense to this action. *See Brandt*, 653 F.3d at 1111. "A defendant

seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI Group Life*, 244 F.3d at 700.  Firshein has numerous legitimate defenses to this action.  The Court has significant concerns regarding the copyrightability of Olson's form contracts, *see Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1106–07 (9th Cir. 1990), the originality and creativity of Olson's form contracts, *see Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991), and the substantial similarity between Olson's and Sperry's contracts, *see Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).  The Court is particularly concerned with Olson's legal theory that purports to hold a client vicariously liable for the alleged willful copyright infringement of his attorney. The Court finds that Firshein has numerous potential defenses that necessitate a decision on the merits before a judgment for $875,000 is entered.  The second factor is decidedly in favor of Firshein.

The final factor requires the Court to determine whether Firshein's culpability led to the entry of default.  *See Brandt*, 653 F.3d at 1111.  "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life*, 244 F.3d at 697.  After service of process on October 21, 2014, Firshein retained counsel on November 6, 2014.  (Lee Decl. ¶ 2.)  On November 7, 2014, defense counsel contacted plaintiff counsel by phone and exchanged multiple e-mails discussing a potential settlement and a twenty-day extension to file an answer.  (Lee Decl., Ex. A.)  All of Firshein's evidence indicates that the parties reached an agreement on the extension—to include a draft stipulation—yet defense counsel failed to actually file the extension stipulation.  (*Id.*) The Court finds that the miscommunication between parties, coupled with looming deadlines, is a credible explanation.  The parties quibble over a number of matters, such as inferences in e-mails and typos in a draft stipulation, and the undisputed evidence indicates that *both* sides were less than thorough.  The Court finds that neither side was hospitable during the twenty-one day post-Complaint window, and therefore refuses to designate blame.

Firshein did not intentionally fail to answer the Complaint, and he is not culpable in failing to file an answer within twenty-one days of service. This factor also weighs in favor of Firshein.

### V. CONCLUSION

Having considered the three factors from *Brandt*, the Court holds that this case should be decided on the merits. The Court **GRANTS** Firshein's Motion to Set Aside Entry of Default (ECF No. 29), and **DENIES** Olson's Motion for Default Judgment as **MOOT** (ECF No. 21). Firshein has ten days from the date of this Order to file an answer or pre-answer motion. The Court declines to award any attorneys' fees to Olson, as requested.

**IT IS SO ORDERED.**

January 22, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**