O

# United States District Court
# Central District of California

| | |
|---|---|
| ROBERT W. OLSON, JR., a Professional Corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>G. AUSTIN SPERRY, STEVEN A. FIRSHEIN DMD, a Professional Corporation, and STEVEN A. FIRSHEIN,<br><br>                Defendants. | Case No. 2:14-CV-07901-ODW(AS)<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS [37, 40]** |

## I. INTRODUCTION

This suit arises out of the alleged copyright infringement of a form contract designed for buying and selling dental practices. Plaintiff Robert W. Olson Jr., a professional corporation ("Olson PC"), alleges that at least five of its registered copyrights were infringed by Defendants G. Austin Sperry, Dr. Steven A. Firshein, and Dr. Firshein's dental practice. (ECF No. 1 ["Compl."].) Pending before the Court are two nearly identical Motions to Dismiss—one filed by Mr. Sperry (ECF No. 37), and the other by Dr. Firshein and his dental practice (ECF No. 40). For the reasons

///

///

discussed below, the Court **DENIES** both Motions.[1]

## II. FACTUAL BACKGROUND

Olson PC specializes in the buying, selling, and merging of dental practices. (Compl. ¶ 10.) Olson PC and its sole shareholder, Robert Olson, use "highly customized" form contracts which are allegedly specific to the dental industry. (*Id.* ¶ 11.) Olson PC allegedly owns registered copyrights for at least five of these form contracts. (*Id.* ¶ 12.)

In February 2014, Olson PC represented a buyer seeking to purchase Dr. Firshein's dental practice. (*Id.* ¶ 13.) Mr. Sperry represented Dr. Firshein and his dental practice during the negotiations. (*Id.*) The parties used one of Olson PC's form contracts during the course of negotiations, and at one point Mr. Olson allegedly sent Mr. Sperry a Microsoft Word version of the form contract. (*Id.*) The parties never reached a deal and went their separate ways. (*Id.* ¶ 17.) Mr. Sperry then allegedly negotiated the sale of Dr. Firshein's dental practice to a third party using one or more of Olson PC's form contracts from the previously failed negotiations. (*Id.* ¶ 18.) Olson PC filed the Complaint on October 10, 2014, bringing two claims for copyright infringement against Mr. Sperry, Dr. Firshein, and Dr. Firshein's dental practice. (*See* Compl.)

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v.*

---

[1] After carefully considering the papers filed related to the Motions, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

*Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleading in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks and citations omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted). "If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (internal citations omitted). The Court may consider contracts incorporated in a complaint without converting a motion to dismiss into a summary judgment hearing. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

## IV. DISCUSSION

Mr. Sperry filed his Motion to Dismiss on January 21, 2015, and Dr. Firshein filed his Motion to Dismiss on January 30, 2015. (ECF Nos. 37, 40.) The only material difference between the word-for-word Motions is an additional argument in Dr. Firshein's Motion regarding direct infringement.[2] The Court will thus address Mr. Sperry and Dr. Firshein's legal arguments together. The principal argument in both Motions is that Olson PC's form contracts "are not entitled to copyright protection."

### A. Originality of a Compilation Literary Work

The Copyright Act of 1976 provides that a "compilation" is "a work formed by the collection and assembling of preexisting materials or of data that are selected,

---

[2] Sperry and Firshein are represented by the same law firm.

3

coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. § 101. It is well established that compilations of facts may be copyrightable even though the facts themselves are not entitled to copyright protection. 17 U.S.C. §§ 102–03; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344 (1991). "The mere fact that a work is copyrighted does not mean that every element of the work may be protected. Originality remains the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." *Feist*, 499 U.S. at 348; *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012). A work is "original" when it "possesses at least some minimal degree of creativity" and was "independently created by the author (as opposed to copied from other works)." *Feist*, 499 U.S. at 345.

The question of originality in copyright law "is one of fact, not of law; one that may not be disposed of upon a motion to dismiss, but which must be established by proof." *Dezendorf v. Twentieth Century-Fox Film Corp.*, 99 F.2d 850, 851 (9th Cir. 1938); *Vargas v. Pfizer, Inc.*, 418 F. Supp. 2d 369, 373 (S.D.N.Y 2005) ("Typically, when the originality of a copyrighted work is at issue, it becomes a question of fact for the jury to resolve."); *Signo Trading Intern. Ltd. v. Gordon*, 535 F. Supp. 362, 364 (N.D. Cal. 1981) ("the issue of originality is often a question of fact"); *Lambert Corp. v. LBJC Inc.*, No. 13-00778-CAS, 2014 WL 2737913, at *4 (C.D. Cal. June 16, 2014) ("Thus, due to the existence of conflicting evidence on the issue of originality, the Court finds that this issue is not suitable for resolution at the summary judgment stage."); *Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. 11-02112-PHX, 2012 WL 6554396, at *2 (D. Ariz. Dec. 14, 2012) ("Whether individual components of a work are sufficiently original to be protected is a question of fact.").

**B.     Defendants' Originality Argument**

In their Motions to Dismiss, Defendants conflate subject matter and originality. Defendants correctly argue that "[w]hether a subject matter is copyrightable is a

4

question of law" and appropriate for Rule 12(b)(6) adjudication. (MTD at 4.) Defendants then spend the rest of their briefs arguing that Olson PC's "documents lack the originality necessary for copyright protection." (MTD at 8.)

There is no dispute that Olson PC's form contracts are compilation works—a subject matter already approved for copyright protection. *See* 17 U.S.C. § 103. Originality, however, is not a question of law and cannot be determined at the Rule(12)(b) stage. *Dezendorf*, 99 F.2d at 851. Olson PC alleged that its form contracts are original, and therefore it has stated a claim to relief which is plausible on its face. *See Twombly*, 550 U.S. at 570.

### C. Dr. Firshein's Direct Liability Argument

Dr. Firshein's Motion to Dismiss contains one unique argument regarding the liability for his dental practice and himself. He argues that he "cannot possibly be liable for direct infringement as [he] did not copy or alter Plaintiff's Documents in any manner." (MTD at 13.) Olson PC's Complaint plainly alleges that "Firshein PC and Dr. Firshein copied the copyrighted Contracts." (Compl. ¶ 20.) This is clearly a factual dispute. For the purposes of a Rule 12(b)(6) motion, the Court must "accept factual allegations in the complaint as true." *Manzarek*, 519 F.3d at 1031. The Court therefore rejects Dr. Firshein's arguments regarding direct liability.

### V. CONCLUSION

All of Defendants' arguments involve questions of fact and not law. The Court cannot adjudicate such matters in a Rule 12(b)(6) motion. Accordingly, Mr. Sperry's Motion to Dismiss (ECF No. 37) is **DENIED** and Dr. Firshein and his dental practice's Motion to Dismiss (ECF No. 40) is also **DENIED**.

**IT IS SO ORDERED.**

February 26, 2015

_____
**OTIS D. WRIGHT, II**
UNITED STATES DISTRICT JUDGE